[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-16495
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 16, 2010
JOHN LEY
CLERK

Agency No. A095-916-178

FANG FANG LIN,
a.k.a. Fangfang Lin,
a.k.a. Lin Fang Fang,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(September 16, 2010)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner Fang Fang Lin, a native and citizen of China, seeks review of the Board of Immigration Appeals' ("BIA") order denying her third motion to reopen removal proceedings.[1]

In 2002, Lin arrived in the United States without valid documentation and the former Immigration and Naturalization Service ("INS") – now the Department of Homeland Security ("DHS") – served Lin with a Notice to Appear alleging that she was removable (1) as an immigrant who was not in possession of valid entry documents, 8 U.S.C. § 1182(a)(6)(A)(i), and (2) as an alien who, by fraud or willfully misrepresenting a material fact, sought to procure or procured entry documents, 8 U.S.C. § 1182(a)(6)(C)(i).

In September 2002, Lin filed an application for asylum, withholding of removal, and CAT relief based on political opinion, specifically opposition to China's birth control policies. Lin alleged that she and her boyfriend wanted to get married and have a child, but they were not permitted to do so under China's birth control policies. She explained that if they married illegally and conceived a child, the state would impose a substantial fine that they could not afford to pay, would

---

[1] The only order presently before us is the denial of this third motion to reopen. Lin did not file a petition for review within 30 days of the issuance of the original order of removal, the denial of her first motion to reopen, or the denial of her second motion to reopen. 8 U.S.C. § 1252(b)(1). This limit is "mandatory and jurisdictional," *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n. 3 (11th Cir. 2005), and the filing of a motion to reopen does not alter the need to file a separate petition appealing the removal order, *Stone v. INS*, 514 U.S. 386, 394, 115 S.Ct. 1537, 1543-44, 131 L.Ed.2d 465 (1995). Accordingly, our jurisdiction is limited to a review of the denial of Lin's third motion to reopen her removal proceedings.

force Lin to undergo an abortion, and would force the couple to use birth control in the future. Lin also was afraid that the state would jail her for leaving China illegally. During an asylum hearing in December 2002, however, Lin gave an account different from the one in her asylum application, claiming that the state fined her 10,000 yuan and forced her to undergo an abortion in China in May 2002, when she was three months pregnant

The IJ denied Lin's application, finding that Lin's testimony lacked credibility. Lin appealed to the BIA, which adopted and affirmed the IJ's removal order in 2004. Lin did not file a petition for review of the removal order with this court.

Instead, less than thirty days later, Lin filed a *pro se* motion for reconsideration, requesting reopening based on changed circumstances because she was five-months pregnant and was "facing a forced abortion" upon her return. She attached supporting documentation of her pregnancy and the 1998 Congressional testimony of a former Fujian family planning administrator. The BIA construed the motion as a motion to reopen removal proceedings and denied it because Lin failed to provide any evidence that "the future mother of a United States citizen child" would suffer persecution under China's family planning policy. Lin did not seek review of that order.

In February 2007, Lin filed a second *pro se* motion to reopen her removal

3

proceedings. She alleged changed personal circumstances because she had given birth to two children in the United States. She also alleged changed country conditions, claiming that China's family-planning policy had become "extremely unfavorable for overseas returnees with more than one child," and would result in her forced sterilization. In support, Lin cited, but did not submit, a State Department Country Profile and the 2004 Country Report.

The BIA denied Lin's second motion to reopen in July 2007, concluding that the birth of her two children, alone, amounted to changed personal circumstances that did not satisfy an exception to the time or number restrictions. The BIA noted that Lin failed to submit any evidence regarding the current family-planning conditions in China. The BIA apparently took judicial notice of the 2007 Profile of Asylum Claims and Country Conditions for China, which stated that American officials were unaware of an official policy requiring sterilization for parents of children born in the United States. Thus, the BIA concluded that Lin would not have a reasonable likelihood of success on the merits upon reopening, either based on a claim of forced sterilization or persecutory fines. Lin did not seek review of that order.

In 2009, Lin, through counsel, filed the motion to reopen currently before this court. First, Lin claimed that (a) there was evidence that officials in her home province of Fujian "[had] stepped up the enforcement of the family policy,"

4

(b) multiple relatives were forcibly sterilized and severely fined in the last two years, (c) there was a pattern or practice of persecution against parents of multiple children, and (d) she had married and had two children in the United States since the 2002 removal hearing.

Second, Lin claimed that she feared religious persecution because she recently converted to Christianity and would practice in an underground house church upon her return.

Lin submitted a number of background exhibits that were unavailable at the time of her asylum hearing in 2002, but some of which were available at the time she filed her second motion to reopen in February 2007. Lin also submitted numerous exhibits dated after February 2007 and various corroborating documents. Nevertheless, in a supporting affidavit, Lin conceded that her children might not be treated as Chinese citizens and "might not be allowed to have household registration since they were born in the U.S.," but she argued that she would be forced to pay more money for them to receive basic services. Lin also submitted background evidence on the persecution of underground Christians in China.

The BIA denied Lin's third motion to reopen in November 2009, finding that it exceeded both the time and number limitations. The BIA further found that Lin failed to show that she met the changed country conditions exception. It concluded, without elaboration, that "[t]he evidence that she offer[ed] [did] not

demonstrate a material change in the enforcement of family planning policy nor in the regulation of religion in China." Finally, the BIA found that Lin was not entitled to reopening based on changed personal circumstances, and that reopening was not warranted as a matter of discretion.

Lin filed a timely petition for review from that ruling, arguing that the BIA abused its discretion by denying her motion to reopen because (1) she demonstrated a material change in circumstances in connection with China's one-child family-planning policy, which showed that she likely will suffer sterilization upon returning to China with her two American children, and (2) she demonstrated a material change in China's religious policy, which showed that she likely will suffer persecution upon her return because she intends to practice Christianity in an underground house church. We address each issue in turn.

I.

We review "the BIA's denial of a motion to reopen for an abuse of discretion." *Abdi v. U.S. Att'y Gen.*, 430 F.3d 1148, 1149 (11th Cir. 2005). The BIA abuses its discretion when its decision is arbitrary or capricious. *Id.*

An alien generally may file one motion to reopen her removal order. 8 U.S.C. § 1229a(c)(7); 8 C.F.R. § 1003.23(b)(3). Motions to reopen may be granted if there is new evidence that is material and was not available and could not have been discovered or presented at the removal hearing. *See* 8 C.F.R.

6

§§ 1003.2(c)(1), 1003.23(b)(3). The movant has the "heavy burden" of presenting evidence that likely would change the result in the case. *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 813 (11th Cir. 2006) (quotation omitted).

Ordinarily, a motion to reopen "must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(7)(C)(i). The 90-day filing deadline does not apply, however, to an alien who files a motion to reopen predicated upon "changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii) (stating that the time limit does not apply if the alien shows material changed circumstances based on evidence that "was not available and could not have been discovered or presented at the previous hearing").

Forced abortions and sterilizations are considered persecution on account of political opinion, and "a person who has a well founded fear that he or she will be forced to undergo such a procedure . . . shall be deemed to have a well founded fear of persecution on account of political opinion," as necessary to satisfy the standard for asylum. 8 U.S.C. § 1101(a)(42)(B). Even so, to establish eligibility for withholding of removal, a petitioner must prove that it is "more likely than not

7

[that] she will be persecuted or tortured" based on a protected ground upon returning to her country. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005) (quotation omitted); 8 U.S.C. § 1231(b)(3). Similarly, to qualify for CAT relief, the applicant carries the burden of proof to establish "that it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1239 (11th Cir. 2007) (quotation omitted); 8 C.F.R. § 1208.18(a)(1)-(3).

Although we have held that previously unavailable evidence alleging a recent campaign of forced sterilization in the petitioner's home province was sufficient to satisfy the changed circumstances requirement in an untimely motion to reopen, *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1375 (11th Cir. 2007), here some of the evidence Lin submitted was available at the time she filed her second motion to reopen in 2007. Even assuming that the BIA was not precluded from considering such evidence, Lin failed to show a material change in country conditions related to China's family planning policy as measured from the date of her 2002 removal hearing. Specifically, although the evidence in the record could be viewed as demonstrating a pattern of increased physical coercion, Lin failed to show that such a change in country conditions was material to her situation. Thus, the BIA did not abuse its discretion by concluding that the evidence was not likely to change the result in Lin's removal proceedings. Accordingly, we deny Lin's

8

petition in this respect.

II.

We review our subject matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). "[A]bsent a cognizable excuse or exception," we normally "lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies with respect thereto." *Id.* This requirement ensures that the BIA has a full opportunity to consider "the niceties and contours of the relevant arguments." *Id.* Thus, where the BIA addresses, *sua sponte*, an issue that an alien does not raise in his notice of appeal or supporting brief, we "cannot say the BIA fully considered the petitioner's claims, as it had no occasion to address the relevant arguments." *Id.* at 1250-51. Accordingly, we lack jurisdiction to review such arguments on appeal. *Id.*

Here, because Lin failed to exhaust her claim that, based on changed country conditions, she likely will suffer religious persecution upon her return to China, we lack jurisdiction to review this claim. Therefore, we dismiss her petition in this respect.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

9